YOLTON, Respondent, v. WILLIAMS et al, Appellants.

(168 N. W. 755).

(File No. 4162.    Opinion filed September 3, 1918.    Rehearing denied November 4, 1918.)

1.  Appeals—Error—Contract, Validity, Instruction Re—Failure to Except, Effect.

    In a suit by a school teacher to recover her wages involving validity of the contract, she having been discharged by the school board, held, that by failing to except to an instruction that defendants do not deny that they contracted with plaintiff to teach the school, and that plaintiff had a valid certifiate authorizing her to teach in the public schools, they waived the right to question validity of the contract.

2.  Contracts—School Teaching, Discharge for Neglect of Duty, Recovery For—Evidence, Question for Jury.

    In a suit to recover for a school teacher's wages, she having been discharged for neglect of duty, etc., the evidence showing plaintiff guilty of acts unbecoming a teacher and which, unexplained, might have warranted her discharge, the real issue being whether such conduct was induced by improper conduct of defendants, held, that such question was one for the jury.

3.  Schools—Recovery of Discharged Teacher's Wages—Unbecoming Acts of Teacher, Whether Induced by Board's Improper Conduct—Evidence, Sufficiency.

    In a suit to recover for teacher's wages, plaintiff having been discharged by defendant school board for neglect of duty, etc., the real issue being whether plaintiff's conduct was induced by improper conduct of defendant board, there being evidence of plaintiff's guilt of unbecoming acts as teacher which, unexplained, might have warranted her discharge, held, that the evidence warranted jury in concluding that plaintiff's object-

ionable conduct was induced by failure of defendants to give her such support as their position fairly required.

Polley, J., and Gates, J., dissenting.

4. **Trials—Recovery of Discharged Teacher's Wages—Appeal from Order of Discharge, Independent Suit for Wages, Consolidation of Proceedings—Ungrounded Objection, Effect.**

Where a school teacher had appealed from an order of the school board discharging her for improper conduct, and she afterward sued in the circuit court to recover her wages, the two proceedings having upon her motion been consolidated, held, that defendants' assignment of error in sustaining the motion, being without specification of grounds, furnishes no basis for review on appeal.

Appeal from Circuit Court, Lyman County. HON. WILLIAM WILLIAMSON, Judge.

Action by Marietta O. Yolton, against H. G. Williams, and others as District School Board of School District No. 22 Lyman County, South Dakota, also known as Capa School District, to recover for wages as teacher of school. From a judgment for plaintiff, and from an order denying a new trial, defendants appeal. Affirmed.

*Gaffy & Stephens,* for Appellants.

*House & Dyer,* for Respondent.

(3) To point three of the opinion, Appellants cited:

Laws 1909, Ch. 36, Sec. 1; Bennett Robinson v. School Directors, District No. 4, 96 Ill. App. 604.

WHITING, P. J. Plaintiff, claiming that defendants had wrongfully discharged her from her position as teacher of the school in the district of which they were the school board, brought this action to recover the amount of wages which would have been due her if she had been allowed to teach the remainder of the school year for which she claimed to have contracted. The verdict and judgment were for plaintiff. From such judgment and an order denying a new trial defendants have appealed.

[1] Defendants contend that the contract under which plaintiff claims to recover was invalid, and further that, even though such contract had been valid, they were fully warranted in discharging plaintiff. Defendants argue to considerable length and cite numerous authorities as well as statutory provisions in support of their contention that the contract was invalid. We are, however, of the opinion that they have waived any right to question the validity of

such contract because of their failure to except to the following instruction given by the trial court.

"The defendants do not deny that they contracted with the plaintiff to teach the Capa school; that plaintiff had a valid certificate authorizing her to teach in the public schools of the state."

In discharging plaintiff, defendants served notice upon her of the resolution which had been passed by them, which resolution purported to set forth the grounds for the discharge setting forth that plaintiff—

"has violated her contract as a teacher, and has violated the rules of the school board and the directions of the school board and the laws of the state of South Dakota, and is not fulfilling her duties as a teacher, and is guilty of flagrant neglect of duty imposed under contract and required by law of public policy."

[2, 3] The issue of fact as to whether plaintiff had so violated her contract and failed to do her duties as a teacher was fairly and clearly submitted to the jury by the instructions of the trial court, so that the question left for our determination is whether there was evidence which, if believed by the jury, would warrant it in finding for plaintiff. It is perfectly clear from the evidence that plaintiff was guilty of acts unbecoming one in her position and of acts which, if unexplained, might fairly have warranted defendants in discharging her; but the real issue before the jury under the evidence in this case was whether or not such unbecoming and improper conduct was induced and brought about by improper conduct of defendants. This was peculiarly a question for the jury, and, after a careful consideration of the evidence, we are satisfied that there was sufficient evidence to warrant the jury in concluding that the plaintiff's objectionable conduct was induced by the failure of defendants to give her such support as their position fairly required.

[4] It appears that the plaintiff, besides instituting this action, had appealed to the circuit court from the order of discharge. When this action was called for trial, plaintiff moved that this action and the appeal be consolidated. The court sustained such motion. The defendants, as one assignment of error, say that:

"The court erred in overruling the defendants' objection to the trial of the appealed case, upon the grounds urged in said objection."

·  · An examination of the printed record herein discloses that the defendant, in objecting to such consolidation, suggested no ground or reason upon which they based such objection. Without some reason stated therefor the court was not bound to give any heed to such objection.

There are numerous assignments assigning as error various rulings of the trial court in the admission and rejection of evidence. We have considered such assignments in connection with the whole record herein, and are satisfied that none of such rulings disclose any prejudicial error, or present any question deserving of further consideration.

The judgment and order appealed from are affirmed.

· .. POLLEY, J. (dissenting).  I am unable to agree with the majority opinion in this case.' The principal defense relied upon by the appellants is the unfitness and incompetency of the respondent to perform her duties as a teacher. The majority opinion, in effect, admits the impropriety of retaining respondent in the school, but excuses her failure to properly conduct the school because of the shortcomings of the individual members of the school board. This is not a sufficient excuse.  If respondent had a grievance against the school board, she should have sought redress in some other manner than by her neglect and refusal to perform her duties to the patrons of the school.

GATES, J. (dissenting).  It is my opinion that, after resolving all dispute in the evidence in plaintiff's favor, still the reocrd shows no grounds for sustaining the verdict.